JOHNSTON et al. v. ROCKHOLD.
(No. 7226.)

(Court of Civil Appeals of Texas. Dallas. Nov. 28, 1914.)

HUSBAND AND WIFE (§ 274*) — COMMUNITY PROPERTY — RIGHTS OF SURVIVING CHILDREN—LIABILITY FOR DEBTS.

Where a widow continued to live on community property, which was the homestead, after the death of her husband, the interest of the children therein was subject to her homestead, and so long as that existed the children could claim no homestead rights, and their interests were therefore subject to sale on execution.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1026–1031; Dec. Dig. § 274.*]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by Hammon Johnston and others against Alfred Rockhold. Judgment for defendant and plaintiffs appeal. Affirmed.

J. C. Patton and Lee Richardson, both of Dallas, for appellants. Cockrell, Gray & McBride and Tarlton Morrow, all of Dallas, for appellee.

RAINEY, C. J. This is an action of trespass to try title, brought by appellants against appellee for 3/12 of 117½ acres of land situated in Dallas county, Tex. Defendant answered by general demurrer and plea of not guilty. A trial resulted in a verdict and judgment for appellee, and appellants appeal.

The appellants claim the land as their homestead. Appellee claims the land under sheriff deeds in pursuance of execution sales of said 3/12 interest by virtue of judgments against the appellants. The facts are that in October, 1904, T. J. Johnston died, leaving a wife and six children; the appellants being three of them. Said T. J. Johnston owned 117½ acres of land, which was the homestead of himself and wife. At his death the appellants were living on the land with him. One of them had rented the place for 1904, and moved off at the end of the year. The other two of the appellants lived on the place one or two years as tenants of their mother, who occupied it as her homestead. In 1910 the First National Bank of Mesquite, Tex., recovered judgment against each of the appellants, they being of age, executions issued thereon, and levied on the interest of each appellant. Same was sold, and deeds made to said bank; said bank conveying to appellee. The mother of appellants, Sarah Johnston, would not let appellants stay on the land, and they never occupied it after their father died, except as above stated. They each testify that their mother would not permit them to live on the land is the reason they did not occupy it, and that as soon as they could they intended to move on it and occupy it as their homestead; that they each had that intention since they left the place, which intention had never been abandoned.

The 117½ acres of land was community property of T. J. Johnston and wife. At his death the title to his one-half of the land vested in his children, subject to the homestead interest of the wife, so long as she might live and so long as she saw proper to use it as such. She did use it as a homestead until after the interest of appellants was sold under execution. No homestead right ever attached to appellants in the land, for the reason that they could not claim such homestead right so long as their mother continued to use and occupy it for homestead purposes. Their interest in the land under the circumstances was liable to execution and sale for the payment of their debts, subject to the homestead rights of Sarah Johnston, the mother, and the sales made of their interests by virtue of the bank's judgment against them divested them of any title to the land. Hampton v. Gilliland, 23 Tex. Civ. App. 87, 56 S. W. 572; Loessin v. Washington, 23 Tex. Civ. App. 515, 57 S. W. 990.

The judgment is affirmed.